Penny L. Koepke
pkoepke@hoalaw.biz
Maxwell & Morgan, P.C.
4854 E. Baseline Rd., Suite 104
Mesa, AZ 85206
Tel: 480-833-1001
Fax: 480-969-8267

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Class*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BRENDA WHITTAKER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>EMERGENCY AIR, LLC, an Arizona limited liability company,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

1. Plaintiff Brenda Whittaker ("Whittaker" or "Plaintiff") brings this Class Action Complaint against Defendant Emergency Air, LLC ("Emergency Air" or "Defendant") to: (1) stop Defendant's practice of placing calls using an "automatic telephone dialing system" ("ATDS") and/or using an "artificial or prerecorded voice" to the cellular telephones of consumers nationwide without their prior express written consent, and (2) obtain redress for all persons injured by Defendant's conduct. Plaintiff also seeks an award of statutory damages to the members of the Class, plus court costs and reasonable attorneys' fees as set forth herein.

2. Plaintiff, for her complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

1

3. The Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, *et seq.*, and its implementing regulations, 47 C.F.R. § 64.1200, *et seq.*, prohibit companies, such as Defendant, from placing calls using an ATDS ("autodialed calls") and/or using "an artificial or prerecorded voice" ("prerecorded calls") to telephones without first obtaining prior express consent. In this case, Emergency Air has violated, and continues to violate, the TCPA and its regulations by placing autodialed and/or prerecorded calls to telephone subscribers who have not provided prior express consent to receive such calls.

4. In an effort to obtain leads for its services, Emergency Air made (or directed to be made on its behalf) autodialed and/or prerecorded telemarketing calls to the cellular telephones of Plaintiff and other members of the putative class without first obtaining express consent to do so—all in violation of the TCPA.

5. The TCPA was enacted to protect consumers from unauthorized calls exactly like those alleged in this Complaint—autodialed and/or prerecorded calls placed to cellphone numbers without each consumer's prior express written consent.

6. By making the telephone calls at issue in this Complaint, Defendant caused Plaintiff and the members of the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls, in addition to a loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls. Furthermore, the calls interfered with Plaintiff's and the other Class members' use and enjoyment of their cellphones, including the related data, software, and hardware components. Defendant also caused substantial injury to their phones by causing wear and tear on their property, consuming battery life, and appropriating cellular minutes and data.

**PARTIES**

7. Plaintiff Whittaker is a natural person over the age of eighteen (18) who resides in Cottonwood, Yavapai County, Arizona.

8. Defendant Emergency Air, LLC is a limited liability company organized in and existing under the laws of the State of Arizona, with its principal place of business located at 2451 W. Birchwood Ave., Suite 110, Mesa, Arizona 85202.

## JURISDICTION & VENUE

9. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, a federal statute. This Court also has jurisdiction under the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332, because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

10. This Court has personal jurisdiction over Emergency Air because it solicits significant business in this District, is registered to do business, all of its members are located in this District, and a significant portion of the unlawful conduct alleged in this Complaint occurred in, was directed to, and/or emanated from this District.

11. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this District.

## COMMON ALLEGATIONS OF FACT

12. Defendant Emergency Air is a purported commercial and residential air conditioning services company.

13. Unfortunately for consumers, Emergency Air casts its marketing net too wide. That is, in an attempt to promote its air conditioning/HVAC installation business and to generate leads for its products and services Defendant conducted (and continues to conduct) a wide scale telemarketing campaign that features the repeated making of unsolicited autodialed and/or pre-recorded calls to consumers' telephones, including their cellular telephones, all without any prior express consent to make these calls.

3

14. Defendant places these calls to telephones using an ATDS without consumers' prior written express consent in violation of the TCPA.

15. Not surprisingly, these practices have led to significant complaints from consumers, which can be found on the Internet. Consumers have publicly complained that:

- This is the robocall for Emergency Air LLC out of Mesa, AZ. The main office number is 602-400-0000 .... ask to speak to Deseray...she confirmed the 480-404-6050 was their autodialer and said they call who they want when they want. Maybe we should just keep calling them and annoying them if that's the case.[1]

- Heating & Cooling sales SPAM!!![2]

- These guys call all the time from various numbers. I have a contact in my phone called DO NOT ANSWER AC SALES and this contact is set to go straight to voice mail so I never see it because they never leave a message. Every time I get a call from them from a new number I add that number to the Do Not Answer contact. Avoids all the aggravation. Face itz they won't stop calling[3]

- Unsolicited call from an air conditioning company. The name is designed to frighten you into thinking it's an emergency & answering the phone.[4]

- They called a week ago and I accidentally answered the call. Claiming to offer a free air conditioner check. They called again today, but I am happy for all the people who have left their comments to let me know this is just a telemarketing scam. That is the main reason I rarely answer any calls from numbers I don't know. I have blocked this number[5]

- Received call from Emergency Air wanting to do air conditioning inspection etc. I told them to take my number off their list and that I was reporting them to the National No Call Registry.[6]

16. At no time did Defendant obtain prior express consent from Plaintiff and the Class to receive prerecorded and/or automated telephone calls.

---

[1] https://800notes.com/Phone.aspx/1-480-404-6050
[2] https://800notes.com/Phone.aspx/1-480-404-6050
[3] https://800notes.com/Phone.aspx/1-480-689-5555/2
[4] https://800notes.com/Phone.aspx/1-480-689-5555/2
[5] https://800notes.com/Phone.aspx/1-480-689-5555/3
[6] https://800notes.com/Phone.aspx/1-480-689-5555/3

17. In making the phone calls at issue in this Complaint, Defendant and/or its agent utilized an automatic telephone dialing system. Specifically, the hardware and software used by Defendant and/or its agents has the capacity to store, produce, and dial random or sequential numbers, and/or receive and store lists of telephone numbers, and to dial such numbers, *en masse*, in an automated fashion without human intervention. Defendant's automated dialing equipment includes features substantially similar to a predictive dialer, inasmuch as it is capable of making numerous calls simultaneously, without human intervention.

18. Defendant knowingly made, and continues to make, telemarketing calls without the prior express written consent of the recipients and knowingly continues to call them after requests to stop. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, but also intentionally and repeatedly violated the TCPA.

19. To the extent a third party made calls on behalf of Defendant, Defendant knew about the calls, received the benefits of the calls, directed that the calls be made, and ratified the calls.

**FACTS SPECIFIC TO PLAINTIFF**

20. Plaintiff Whittaker is the owner and customary user of a personal cellular telephone number ending in 9679.

21. In or around January 2018, Plaintiff Whittaker began receiving telemarketing calls on her cellular telephone from the Defendant, which purported to solicit Whittaker to purchase Defendant's products and/or services.

22. Plaintiff has received calls from Defendant from the following numbers: 480-404-6050 and 480-689-5555.

23. Plaintiff Whittaker never consented to receive prerecorded and/or autodialed telemarketing calls from Defendant or any of its affiliates or agents. Further, Plaintiff does not have any prior relationship with Defendant.

24. Despite never providing consent to be called of any kind to Defendant, Plaintiff continues to receive telemarketing calls from Defendant.

25. Defendant was, and is, aware that the above described prerecorded and/or autodialed calls were made to consumers like Plaintiff who have not consented to receive them.

26. By making unauthorized telemarketing calls as alleged herein, Emergency Air has caused consumers actual harm. This includes the aggravation, nuisance and invasions of privacy that result from the placement of such calls, in addition to the wear and tear on their telephones, consumption of battery life, lost cellular minutes, loss of value realized for the monies consumers paid to their wireless carriers for the receipt of such calls, and the diminished use, enjoyment, value, and utility of their telephone plans. Furthermore, Defendant made the calls knowing they trespassed against and interfered with Plaintiff and the other Class members' use and enjoyment of, and the ability to access, their cellphones, including the related data, software, applications, and hardware components.

27. To redress these injuries, Plaintiff, on behalf of herself and the Class of similarly situated individuals, brings this suit under the TCPA, which prohibits unsolicited prerecorded and/or autodialed calls to telephones. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized prerecorded and/or autodialed calling activities (plus corresponding declaratory relief) and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

## CLASS ACTION ALLEGATIONS

28. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and the Class defined as follows:

> **No Consent Class**: All persons in the United States who (1) from the date four years prior to the filing of this Complaint through the date notice is sent to the Class; (2) Defendant, or a third person acting on behalf of Defendant, called; (3) on the person's cellular telephone; (4) for the purpose of selling Defendant's products and services; (5) using an automatic telephone dialing system and/or prerecorded voice; and (6) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call the Plaintiff.

6

29. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the Class Definition following appropriate discovery.

30. **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant has placed telemarketing calls to thousands of consumers who fall into the definition of the Class. However, the exact number of members of the Class can only be identified through Defendant's records.

31. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct.

32. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

33. **Commonality and Predominance:** There are several questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a) Whether Defendant's conduct violated the TCPA;

(b)     Whether Defendant systematically made telephone calls to cellphone owners who did not previously provide Defendant and/or its agents with their prior express written consent to receive such phone calls;

(c)     Whether Defendant made the calls with the use of an automatic telephone dialing system;

(d)     Whether the calls featured a pre-recorded voice; and

(e)     Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

34. **Conduct similar to the Class as a Whole:** Rule 23(b)(2) certification is warranted because Defendant has acted or refused to act (and continues to so act) on grounds generally applicable to the Class as a whole and hasn't treated any particular Class Member differently. As such, injunctive relief and corresponding declaratory relief are warranted.

35. **Superiority & Manageability:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort and expense will be fostered and uniformity of decisions ensured. Also, there are no pending governmental actions against Defendant for the same conduct.

# FIRST CAUSE OF ACTION

**Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227,** *et seq.*
**(On behalf of Plaintiff and the No Consent Class)**

36. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

37. Defendant made unsolicited and unwanted telemarketing calls to cellular telephone numbers belonging to Plaintiff and the other members of the No Consent Class, without their prior express written consent in an effort to generate leads for Defendant's products and services.

38. Defendant failed to obtain any prior express consent that included, as required by 47 C.F.R. § 64.1200(f)(8)(i), a "clear and conspicuous" disclosure informing the person signing that:

> (A) By executing the agreement, such person authorizes the seller to deliver or cause to be delivered to the signatory telemarketing calls using an automatic telephone dialing system or an artificial or prerecorded voice; and
>
> (B) The person is not required to sign the agreement (directly or indirectly), or agree to enter into such an agreement as a condition of purchasing any property, goods, or services.

39. Further, Defendant made the telephone calls using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and/or to receive and store lists of phone numbers, and to dial such numbers, *en masse*, simultaneously and without human intervention.

40. By making unsolicited telephone calls to Plaintiff and members of the No Consent Class's cellular telephones without prior express consent, and by utilizing an pre-recorded voice message and/or ATDS, Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii).

41. As a result of Defendant's unlawful conduct, Plaintiff and the members of the No Consent Class suffered actual damages in the form of monies paid to receive the unsolicited telephone calls on their cellular telephones and, under Section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500 in damages for each such violation of the TCPA.

42. Should the Court determine that Defendant's conduct was willful and knowing, the Court may, pursuant to Section 227(b)(3), treble the amount of statutory damages recoverable by Plaintiff and the other members of the No Consent Class.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Brenda Whittaker, on behalf of herself and the class, prays for the following relief:

A. An order certifying the Class as defined above, appointing Plaintiff Whittaker as the representative of the Class, and appointing her counsel as Class Counsel;

B. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

C. An order declaring that Defendant's actions, as set out above, violate the TCPA;

D. A declaratory judgment that Defendant's telephone calling equipment constitutes an automatic telephone dialing system under the TCPA;

E. An injunction requiring Defendant to cease all unsolicited calling activities, and otherwise protecting the interests of the Class;

F. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above;

G. An award of treble damages if willfulness is shown, and

H. Such other and further relief that the Court deems reasonable and just.

///

///

///

///

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

Dated: August 13, 2018

**BRENDA WHITTAKER**, individually and on behalf of all others similarly situated,

By: _s/ Penny L. Koepke_
One of Plaintiff's Attorneys
Penny L. Koepke
pkoepke@hoalaw.biz
Maxwell & Morgan, P.C.
4854 E. Baseline Rd., Suite 104
Mesa, AZ 85206
Tel: 480-833-1001
Fax: 480-969-8267

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Attorneys for Plaintiff and the Class

*Pro Hac Vice application to be filed*