**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Brenda Whittaker, individually and on behalf of all others similarly situated,<br><br>   Plaintiff,<br><br>v.<br><br>Emergency Air LLC, an Arizona limited liability company,<br><br>   Defendant. | Case No. 3:18-cv-08188-SPL<br><br>**SCHEDULING AND PLANNING CONFERENCE REPORT** |

**1.   Attendance:**

In accordance with Fed. R. Civ. P. 26(f), a meeting was held on November 13, 2019 and was attended by:

Taylor T. Smith, on behalf of Plaintiff and the alleged Class.

Eric R. Hawkins, on behalf of Defendant.

**2.   Service:**

All Parties have been served and there are no issues with service.

**3.   Nature of Case:**

Plaintiff's Position

The case challenges Defendant's alleged violations of the Telephone Consumer Protections Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or "Act"), specifically its practice of placing telemarketing calls using an automatic telephone dialing system ("ATDS") and/or

1

an artificial or prerecorded voice to cellular telephones of consumers nationwide without their prior express written consent.

The TCPA prohibits companies from utilizing an ATDS or an artificial or prerecorded voice to place telemarketing calls to consumers without first obtaining their prior express written consent. In Plaintiff Whittaker's case, she alleges that she received telemarketing calls from Defendant purporting to solicit her to purchase its products and/or services. At no time did Plaintiff give her prior express written consent to Defendant to be contacted. Accordingly, Plaintiff, on behalf of herself and a Class of similarly situated individuals, brings this action to put an end to Defendant's serial violations of the TCPA.

Defendant's Position

Defendant denies that it has violated the TCPA and denies that its marketing system constitutes an ATDS as defined under the statute and relevant case law.

**4.     Jurisdiction:**

The Court has subject matter jurisdiction in this case under 28 U.S.C. § 1331, *et seq.*, because Plaintiff brings a claim under federal law, the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* The Court has personal jurisdiction over the Defendant, which is registered to do business in this district, all of its members are located in this District, and has been properly served in the case. In short, there is no known dispute regarding jurisdiction.

**5.     Additions and Amendments:**

Neither Party expects to add any additional parties nor amend the pleadings at this time. Plaintiff reserves the right to amend to add any third party vendors identified in Defendant's discovery responses.

**6.     Forthcoming Motions:**

Plaintiff intends to move for class certification after an appropriate period of class

2

discovery. Plaintiff also intends to move for summary judgment after a class has been certified. Plaintiff may also need to file a motion to amend the pleadings as appropriate. Defendant intends to move for summary judgment with respect to a certified class if warranted by the evidence produced during discovery.

**7.     Related Cases:**

The Parties are not aware of any related cases.

**8.     Mandatory Initial Discovery Pilot Project ("MIDP"):**

*MIDP Certification*: Both Parties certify that they have reviewed the Court's Preliminary Order (dkt. 7) and the corresponding attachments.

*MIDP Compliance:* Both Parties have exchanged MIDP Responses in accordance with this Court's Preliminary Order.

*MIDP Issues and Disputes:* Neither Party is aware of any issues or disputes relating to the MIDP response produced in this matter.

**9.     Discovery Limitations:**

The Parties do not propose any changes to the discovery limitations imposed by the Federal Rules of Civil Procedure.

**10.    Electronically Stored Information:**

Neither Party is aware of any issues relating to the preservation, disclosure, or discovery of electronically stored information. While discovery in this case will involve the production of data, the Parties can work cooperatively through such issues.

**11.    Request for Jury Trial:**

Plaintiff has demanded a jury trial, which is not being contested.

**12.    Trial:**

The Parties estimate that a trial in this case would take 3 days.

**13.    Expedited Trial Alternative:**

Counsel for both Parties hereby certify that they have discussed the option of an

expedited trial alternative. The Parties both agree that this matter is not suited for resolution via an expedited trial alternative.

**14.   Consent to Magistrate Judge:**

The Parties do not consent to the transfer of the case to a United States Magistrate Judge.

**15.   Settlement:**

The Parties do not request Court assistance with settlement talks at this time. The Parties reserve the right to request a judicial settlement conference after initial discovery has taken place.

**16.   Modified Procedures:**

Class Action

(a)   *Completion of class certification discovery;*

Discovery should proceed with respect to both class certification and merits issues for a period of ten (10) months. The first eight (8) months will be devoted to written and oral fact discovery. The final two (2) months of this period will be devoted to experts.

(b)   *Filing of any motion for class certification and responsive briefing;*

Following the close of this initial ten (10) month discovery period, the Parties will brief class certification. Following a ruling on class certification, the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining merits-based discovery, and dates for summary judgment briefing, pre-trial conferences, and the trial.

(c)   *Filing of any motion for class decertification and responsive briefing.*

The Parties propose that the deadlines for briefing of any class decertification motion should run concurrent to the briefing schedule for a class certification motion.

**17.   Additional Matters:**

There are no other matters that the Parties believe require Court attention at this

1 | time.
2 |
3 | Dated: November 16, 2018
4 |                                                     Respectfully Submitted,

**BRENDA WHITTAKER**, individually and on behalf of all others similarly situated,

By: /s/ Taylor T. Smith
     One of Plaintiff's Attorneys

Steven L. Woodrow*
swoodrow@woodrowpeluso.com
Patrick H. Peluso*
ppeluso@woodrowpeluso.com
Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 213-0675
Facsimile: (303) 927-0809

Penny L Koepke
pkoepke@hoalaw.biz
Maxwell & Morgan, P.C.
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: 480-833-1001
Fax: 480-969-8267

*Attorneys for Plaintiff and the Class*

* *Pro Hac Vice*

**EMERGENCY AIR LLC**,

By: /s/ Eric R. Hawkins
One of Defendant's Attorneys

5

| | |
|---|---|
| 1 | Eric Ryan Hawkins |
| 2 | eric@durazzo-eckel.com |
| | Durazzo Eckel & Hawkins PC |
| 3 | 45 N. Tucson Blvd. |
| | Tucson, AZ 85716 |
| 4 | Tel: 520-792-0448 |

*Attorneys for Defendant*

**CERTIFICATE OF SERVICE**

  I, Taylor T. Smith, an attorney hereby certify that on November 16, 2018, I served the foregoing papers by causing true and accurate copies of such papers to be transmitted to all counsel of record through the Court's electronic filing system.

             /s/ Taylor T. Smith